**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NICOLAS PRADA,

     Plaintiff,

                               Case No. 20-cv-12348

v.                           Hon. Stephen J. Murphy, III

TRIFECTA PRODUCTIONS, LLC
(D/B/A TOMUKUN NOODLE BAR),

     Defendant.

| | |
|---|---|
| Noah S. Hurwitz (P74063) | Tiffany N. Kennedy (P83019) |
| NACHTLAW, P.C. | THE HANOVER LAW GROUP |
| Attorneys for Plaintiff | Attorney for Defendant |
| 101 N. Main Street, Ste. 555 | 25800 Northwestern Highway, Suite 400 |
| Ann Arbor, MI 48104 | Southfield, MI 48075 |
| (734) 663-7550 | (248) 233-5586 / (508) 926-4550 (fax) |
| nhurwitz@nachtlaw.com | tkennedy@hanover.com |
| | Asst: nglorio@hanover.com |

**DEFENDANT'S ANSWER TO COMPLAINT,**
**AFFIRMATIVE/SPECIAL DEFENSES, AND**
**RELIANCE ON JURY DEMAND**

Defendant, TRIFECTA PRODUCTIONS, LLC (D/B/A TOMUKUN

NOODLE BAR), by and through its attorneys, The Hanover Law Group, submits

the following as its Answer and Affirmative/Special Defenses to Plaintiff's

Complaint.

1

## INTRODUCTION

1. Plaintiff Nicolas Prada, a waiter and assistant manager at Tomukun Noodle Bar in Ann Arbor, Michigan, became ill on or around June 24, 2020 with COVID-19 symptoms. He responsibly reported the situation to his manager and stayed home sick from work. Mr. Prada would subsequently test positive for COVID-19 on June 27, 2020. As a frontline essential worker, Mr. Prada risked his health for the benefit of the restaurant and its customers. After refusing to pay him legally required sick leave compensation, Tomukun Noodle Bar unceremoniously fired Mr. Prada after interrogating him regarding the origin of his illness and telling him that "for PR reasons it would be best for you not to come back." For these and other reasons, the restaurant's actions violate the Families First Coronavirus Response Act ("FFCRA"), the Emergency Paid Sick Leave Act ("EPLSA") (which is a part of the FFCRA), the Family Medical Leave Act ("FMLA"), Fair Labor Standards Act ("FLSA") and Governor Gretchen Whitmer's Executive Order 2020-36.

**ANSWER: This paragraph states a legal conclusion; therefore, no response is required. If a response is required, Defendant admits only: that Plaintiff was a waiter and assistant manager at Tomukun Noodle Bar in Ann Arbor, MI; that upon information and belief he became ill on or around June 24, 2020 and advised his manager of same; that upon information and belief, he subsequently tested positive for COVID-19; and that he alleges violations of the Families First Coronavirus Response Act ("FFCRA"), the Emergency Paid Sick Leave Act ("EPLSA"), the Family Medical Leave Act ("FMLA"), Fair Labor Standards Act ("FLSA") and Governor Gretchen Whitmer's Executive Order 2020-36. Defendant denies that Plaintiff was fired and denied sick pay. Answering further, Defendant denies any allegation or inference that it treated**

Plaintiff unlawfully or otherwise violated any statutory or common law, or that it is liable to Plaintiff for any legally cognizable damages in any amount whatsoever.

## PARTIES AND JURISDICTION

2.   Plaintiff Nicolas Prada is an individual residing in Ann Arbor, Michigan, which is located in Washtenaw County.

**ANSWER: Defendant neither admits nor denies the allegations in paragraph 2 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief regarding same.**

3.   Defendant Trifecta Productions, LLC (d/b/a Tomukun Noodle Bar) (hereafter "Tomukun Noodle Bar") is a company with its registered business address in Ann Arbor, Michigan, which is located in Washtenaw County.

**ANSWER: Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.**

4.   The events at issue occurred in Ann Arbor, Michigan, which lies in Washtenaw County and the Eastern District of Michigan.

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 4 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief regarding same.**

5.   This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff brings his claim pursuant to the Emergency Paid Sick Leave Act ("EPLSA") and the Families First Coronavirus Response Act ("FFCRA"), 29 C.F.R. § 826.150(a); Pub. L. No. 116-127, § 5104, 134 Stat. 178 (2020), the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*.

**ANSWER: Defendant admits that this Court has jurisdiction over this matter but denies that it engaged in any conduct that would give rise to a cause of action on the part of Plaintiff and denies that Plaintiff is entitled to any relief.**

6. Venue is proper in this Court because Defendant obligated itself to Plaintiff within the Eastern District of Michigan, Defendant's registered business address is located within the Eastern District of Michigan, and Plaintiff resides within the Eastern District of Michigan.

**ANSWER: Defendant admits only that its business address is located within the Eastern District of Michigan. Defendant neither admits nor denies the remaining allegations contained in paragraph 6 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief as to the truth of the allegations.**

## GENERAL ALLEGATIONS

7. Tomukun is a for-profit restaurant on the University of Michigan campus.

**ANSWER: Defendant admits only that Tomukun Noodle Bar is a for-profit restaurant. Defendant neither admits nor denies the remaining allegations contained in paragraph 7 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief as to the truth of the allegations.**

8. Plaintiff worked as a waiter and assistant manager at Tomukun Noodle Bar from January 2018 until July 11, 2020.

**ANSWER:** **Defendant admits only that Plaintiff worked as a waiter and assistant manager at Tomukun Noodle Bar. Defendant neither admits nor denies the remaining allegations contained in paragraph 8 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief as to the truth of the allegations.**

      9.    Plaintiff became ill or or around June 24, 2020 with COVID-19 symptoms, including muscle aches and fever.

**ANSWER:** **Upon information and belief, Defendant admits only that Plaintiff reported on June 25, 2020 that he had a "bad fever last night." Except as so stated, Defendant neither admits nor denies the unduly vague allegations contained in paragraph 9 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief as to the truth of the allegations.**

      10.    Plaintiff reported the situation to his manager and stayed home sick from work.

**ANSWER:** **Upon information and belief, Defendant admits only that Plaintiff reported on June 25, 2020 that he had a "bad fever last night" and that he did not think he could come to work. Except as so stated, Defendant neither admits nor denies the unduly vague allegations contained in paragraph 10 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief as to the truth of the allegations.**

      11.    Plaintiff would subsequently test positive for COVID-19 on June 27, 2020.

**ANSWER:  Upon information and belief, Defendant admits only that Plaintiff advised he tested positive for COVID-19. Defendant neither admits nor denies the remaining allegations contained in paragraph 11 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief as to the truth of the allegations.**

12.     As a frontline essential worker, Plaintiff risked his health for the benefit of the restaurant and its customers.

**ANSWER: Defendant denies the unduly vague allegations contained in paragraph 12 of Plaintiff's Complaint.**

13.     Plaintiff does not know where he contracted the illness.

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 13 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief regarding same.**

14.     After his positive COVID-19 test, Plaintiff was contacted by the Washtenaw County Health Department and ordered to self-quarantine for two weeks, which he did.

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 14 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief regarding same.**

15.     On July 10, 2020, Plaintiff text messaged his manager to request a return to work. Plaintiff informed his manager, "I got an email from the Washtenaw Health Department that I should be good." Plaintiff was

told that "Tom will message you." "Tom" is the nickname of Yong Hum Yon, an owner of Tomukun Noodle Bar.

**ANSWER: Defendant admits only that Tom is the nickname of Yong Hum Yon, an owner of Tomukun Noodle Bar. Defendant neither admits nor denies the remaining allegations contained in paragraph 15 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief regarding same.**

16. On July 11, 2020, Plaintiff had a 22 minute, 6 second call with Mr. Yon.

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 16 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief regarding same.**

17. Mr. Yon asked Plaintiff how he contracted the virus.

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 17 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief regarding same.**

18. Mr. Yon interrogated Plaintiff as to whether he had "been out partying and acting irresponsible."

**ANSWER: Defendant neither admits nor denies the unduly vague allegations contained in paragraph 18 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief regarding same.**

19. Mr. Yon alleged that there was evidence on social media of Plaintiff being in a crowd.

7

**ANSWER: Defendant neither admits nor denies the unduly vague allegations contained in paragraph 19 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief regarding same.**

20.   Mr. Yon told Plaintiff, "for PR reasons it would be best for you not to come back to work."

**ANSWER: Defendant denies the allegations in paragraph 20 of Plaintiff's Complaint in the manner and form alleged, including any allegation or inference that Plaintiff was told he was terminated or otherwise discharged from employment.**

21.   Mr. Yon told Plaintiff to apply for unemployment and to "begin looking for other work."

**ANSWER: Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.**

22.   Mr. Yon stated that he would call Plaintiff back after he looked into the allegations about Plaintiff being out partying.

**ANSWER: Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint in the manner and form alleged.**

23.   Tomukun Noodle Bar fired and/or constructively discharged Plaintiff on July 11, 2020.

**ANSWER: Defendant denies the allegations in contained paragraph 23 of Plaintiff's Complaint.**

24.     Tomukun Noodle Bar illegally retaliated against Mr. Prada for quarantining in contravention of the Governor's Executive Order and the FFCRA.

**ANSWER:  This paragraph states a legal conclusion; therefore, no response is required. If a response is required, Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.**

25.     Michigan Governor Gretchen Whitmer's Executive Order 2020-36 instituted protections for employees during the COVID-19 public health crisis. The Executive Order states it is the "public policy of this state that any and all individuals who test positive for COVID-19 . . . should remain in their home or place of residence . . . until [] three days have passed since their symptoms have resolved, and [] seven days have passed since their symptoms first appeared or since they were swabbed for the test that yielded the positive result." Moreover, the Order expressly forbids "discharging, disciplining, or otherwise retaliating against an employee . . . for staying home from work for the periods described in those sections."

**ANSWER:  Defendant neither admits nor denies the allegations contained in paragraph 25 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief regarding same. Answering further, Defendant denies any allegation or inference that Governor Gretchen Whitmer's Executive Order 2020-36 creates a private right of action against an employer or that Defendant disobeyed said Order or otherwise treated Plaintiff unlawfully.**

26.     Yet, after falling ill and responsibly quarantining, Plaintiff was fired for no other reason than contracting the COVID-19 virus.

**ANSWER: Defendant denies the allegations in paragraph 26 of Plaintiff's Complaint.**

27.   In addition to disobeying the Governor's Executive Order, Plaintiff's termination violates the FFCRA, which governs employers with less than 500 employees.

**ANSWER: This paragraph states a legal conclusion; therefore, no response is required. If a response is required, Defendant denies that it disobeyed the Governor's Executive Order, that it terminated Plaintiff, and that it violated the FFCRA. Defendant neither admits nor denies the remaining allegations contained in paragraph 27 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief regarding same.**

28.   Specifically, the FFCRA provides for up to 80 hours of paid sick time to employees who are unable to work due to the effects of COVID-19.

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 28 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief regarding same. Answering further, Defendant denies any allegation or inference that it violated the FFCRA or otherwise treated Plaintiff unlawfully.**

29.   Tomukun Noodle Bar violated the FFRCA by failing to pay Plaintiff sick pay during his self-quarantine.

**ANSWER: Defendant denies the allegations contained in paragraph 29 of Plaintiff's Complaint.**

30.     Enforcement of and all penalties arising from violations of the FFCRA are governed by relevant sections of the FLSA.

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 30 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief regarding same. Answering further, Defendant denies any allegation or inference that it violated the FFCRA or FLSA or otherwise treated Plaintiff unlawfully.**

31.     Notably, the FFCRA states that it is also unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee" who exercises his rights to "take leave in accordance with this Act." An employer that does so is subject to the penalties described in sections 16 and 17 of the FLSA (29 U.S.C. § 216, 217) with respect to such violation, which include lost wages, an equivalent amount of liquidated damages (*i.e.*, double damages), and attorney's fees and costs.

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 31 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief regarding same. Answering further, Defendant denies any allegation or inference that it violated the FFCRA or FLSA or otherwise treated Plaintiff unlawfully.**

32.     Tomukun Noodle Bar did not post the FFCRA Compliance Poster in its establishment.

**ANSWER: Defendant neither admits nor denies the unduly vague allegations contained in paragraph 32 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief as to the truth of the allegations.**

11

33.     Tomukun Noodle Bar hid the protections of the FFCRA from Plaintiff.

**ANSWER: Defendant denies the allegations contained in paragraph 33 of Plaintiff's Complaint.**

34.     Tomukun Noodle Bar is also violating FLSA regulations on tip pooling.

**ANSWER: This paragraph states a legal conclusion; therefore, no response is required. If a response is required, Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint.**

35.     Tomukun Noodle Bar utilizes an unlawful tip pooling system where more senior servers receive a greater "tip share" than less experienced servers.

**ANSWER: This paragraph states a legal conclusion; therefore, no response is required. If a response is required, Defendant admits it uses a tip pool, but denies that said tip pool is unlawful.**

36.     Tomukun Noodle Bar does not have a written "tip pool" policy.

**ANSWER: Defendant denies the allegations contained in paragraph 36 of Plaintiff's Complaint.**

37.     Tomukun Noodle Bar also takes a "house cut" of five cent (sic) (5%) of server tips per shift.

**ANSWER: Defendant denies the allegations contained in paragraph 37 of Plaintiff's Complaint.**

38.     The FLSA prohibits any arrangement between the employer and the tipped employee whereby any part of the tip received becomes the property of the employer.

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 38 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief as to the truth of the allegations. Answering further, Defendant denies any allegation or inference that it violated the FLSA or otherwise treated Plaintiff unlawfully.**

## COUNT I
## VIOLATION OF THE EMERGENCY PAID SICK LEAVE ACT, THE FAMILIES FIRST CORONAVIRUS RESPONSE ACT, AND THE FAMILY MEDICAL LEAVE ACT – INTERFERENCE

39.   Plaintiff incorporates all proceeding paragraphs above as though fully stated herein.

**ANSWER: Defendant hereby repeats and restates its answers to the foregoing paragraphs of Plaintiff's Complaint as though fully set forth herein.**

40.   Congress enacted the FMLA finding that "there is inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods." 29 U.S.C. § 2601(a)(4).

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 40 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief as to the truth of the allegations. Answering further, Defendant denies any allegation or inference that it violated the FMLA or otherwise treated Plaintiff unlawfully.**

41.   As a result of the COVID-19 pandemic, Congress expanded the FMLA through the EPSLA and the FFCRA to cover employers with under 50 employees for COVID-19 related purposes.

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 41 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief as to the truth of the allegations. Answering further, Defendant denies any allegation or inference that it violated the FMLA, the EPSLA, and/or the FFCRA, or otherwise treated Plaintiff unlawfully.**

42. The EPSLA/FFCRA allow for employees to utilize the protections of the FMLA if the employee requires leave for "a qualifying need related to a public health emergency" and/or is "experiencing COVID-19 symptoms and is seeking a medical diagnosis."

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 42 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief as to the truth of the allegations. Answering further, Defendant denies any allegation or inference that it violated the EPSLA/FFCRA or FLMA or otherwise treated Plaintiff unlawfully.**

43. The FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" by the Act.

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 43 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief as to the truth of the allegations.**

**Answering further, Defendant denies any allegation or inference that it violated the FLMA or otherwise treated Plaintiff unlawfully.**

44.    At all relevant times, Tomukun Noodle Bar was a covered employer as defined by the FMLA, the EPSLA/FFCRA, and the applicable federal regulations.

**<u>ANSWER</u>: This paragraph states a legal conclusion; therefore, no response is required. If a response is required, Defendant neither admits nor denies the allegations contained in paragraph 44 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief as to the truth of the allegations. Answering further, Defendant denies any allegation or inference that it violated the FMLA, the EPSLA/FFCRA, or the applicable federal regulations, or otherwise treated Plaintiff unlawfully.**

45.    Plaintiff is an eligible employee under the definitional terms of the FMLA.

**<u>ANSWER</u>: This paragraph states a legal conclusion; therefore, no response is required. If a response is required, Defendant neither admits nor denies the allegations contained in paragraph 45 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief as to the truth of the allegations. Answering further, Defendant denies any allegation or inference that it violated the FMLA or otherwise treated Plaintiff unlawfully.**

46.    Plaintiff required leave for "a qualifying need related to a public health emergency" and/or is "experiencing COVID-19 symptoms and is seeking a medical diagnosis."

**ANSWER**: This paragraph states a legal conclusion; therefore, no response is required. If a response is required, Defendant neither admits nor denies the allegations contained in paragraph 46 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

47.     Tomukun Noodle Bar was aware Plaintiff required leave for these reasons.

**ANSWER**: Defendant neither admits nor denies the unduly vague allegations contained in paragraph 47 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief regarding same.

48.     Plaintiff provided Tomukun Noodle Bar adequate and timely notice of his need to take leave which qualified for the protection of the EPSLA/FFCRA.

**ANSWER**: This paragraph states a legal conclusion; therefore, no response is required. If a response is required, Defendant neither admits nor denies the allegations contained in paragraph 48 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief regarding same.

49.     Tomukun Noodle Bar failed to inform Plaintiff of his right to take paid sick leave for COVID-19.

**ANSWER**: Defendant denies the allegations in paragraph 49 of Plaintiff's Complaint in the manner and form alleged.

50.     Tomukun Noodle Bar interfered with and denied Plaintiff his EPSLA/FFCRA rights as described above and herein, including, but not limited to, failing to provide Plaintiff with paid leave protected by the EPSLA/FFCRA to address his COVID-19 symptoms and testing and instead discharging Plaintiff from his position, in violation of the FMLA and EPSLA/FFCRA.

**ANSWER: This paragraph states a legal conclusion; therefore, no response is required. If a response is required, Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.**

51.     Tomukun Noodle Bar's actions were intentional, with deliberate disregard for the rights and sensibilities of Plaintiff.

**ANSWER: This paragraph states a legal conclusion; therefore, no response is required. If a response is required, Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.**

52.     Tomukun Noodle Bar's interference with Plaintiff's sick leave has directly and proximately caused Plaintiff great damages, including embarrassment, humiliation, outrage, mental distress and economic loss.

**ANSWER: This paragraph states a legal conclusion; therefore, no response is required. If a response is required, Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.**

## COUNT II
## VIOLATION OF THE EMERGENCY PAID SICK LEAVE ACT, THE FAMILIES FIRST CORONAVIRUS RESPONSE ACT, AND THE FAMILY MEDICAL LEAVE ACT – RETALIATION

53. Plaintiff incorporates all proceeding paragraphs above as though fully stated herein.

**ANSWER: Defendant hereby repeats and restates its answers to the foregoing paragraphs of Plaintiff's Complaint as though fully set forth herein.**

54. Plaintiff had a condition which qualified for protected leave under the EPSLA/FFCRA.

**ANSWER: This paragraph states a legal conclusion; therefore, no response is required. If a response is required, Defendant neither admits nor denies the unduly vague allegations contained in paragraph 54 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief regarding same.**

55. Plaintiff took leave to quarantine after exhibiting COVID-19 related symptoms and eventually testing positive for COVID-19.

**ANSWER: Defendant neither admits nor denies the unduly vague allegations contained in paragraph 55 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief regarding same.**

56. Tomukun Noodle Bar retaliated against Plaintiff in violation of the EPSLA/FFCRA leave by terminating him for taking leave which qualified as protected leave in violation of the FMLA and the EPSLA/FFCRA.

18

**ANSWER: This paragraph states a legal conclusion; therefore, no response is required. If a response is required, Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.**

57.    Tomukun Noodle Bar's actions were intentional, with deliberate disregard for the rights and sensibilities of the Plaintiff.

**ANSWER: This paragraph states a legal conclusion; therefore, no response is required. If a response is required, Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.**

58.    There is a causal connection between Plaintiff's protected activity and Tomukun Noodle Bar's retaliatory actions described above.

**ANSWER: This paragraph states a legal conclusion; therefore, no response is required. If a response is required, Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.**

59.    As a direct and proximate result of Tomukun Noodle Bar's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of reputation, and loss of the ordinary pleasures of everyday life.

**ANSWER: This paragraph states a legal conclusion; therefore, no response is required. If a response is required, Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.**

60.    Tomkun Noodle is subject to the penalties described in sections 16 and 17 of the FLSA (29 U.S.C. § 216, 217) with respect to its EPSLA/FFCRA violation, which include lost wages, an equivalent

amount of liquidated damages (*i.e.*, double damages), and attorney's fees and costs.

**ANSWER: This paragraph states a legal conclusion; therefore, no response is required. If a response is required, Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.**

## COUNT III
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

61.    Plaintiff incorporates all proceeding paragraphs above as though fully stated herein.

**ANSWER: Defendant hereby repeats and restates its answers to the foregoing paragraphs of Plaintiff's Complaint as though fully set forth herein.**

62.    On or about July 11, 2020, Tomukun Noodle Bar wrongfully terminated Plaintiff in contravention of public policy.

**ANSWER: This paragraph states a legal conclusion; therefore, no response is required. If a response is required, Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.**

63.    Michigan Governor Gretchen Whitmer's Executive Order 2020-36 instituted protections for employees during the COVID-19 public health crisis.

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 63 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief regarding same.**

64.     The Executive Order states it is the "public policy of this state that any and all individuals who test positive for COVID-19 . . . should remain in their home or place of residence . . . until [] three days have passed since their symptoms have resolved, and [] seven days have passed since their symptoms first appeared or since they were swabbed for the test that yielded the positive result."

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 64 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief regarding same.**

65.     The Order expressly forbids "discharging, disciplining, or otherwise retaliating against an employee . . . for staying home from work for the periods described in those sections."

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 65 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief regarding same.**

66.     Tomukun Noodle Bar terminated Plaintiff for self-quarantine due to his refusal to return to work while under a medical professional's instructions to self-quarantine, which would violate the Executive Order.

**ANSWER: This paragraph states a legal conclusion; therefore, no response is required. If a response is required, Defendant denies the allegations contained in paragraph 66 of Plaintiff's Complaint.**

67.     Tomukun Noodle Bar discharged Plaintiff in illegal retaliation for exercising a right conferred by a government order.

**ANSWER:  This paragraph states a legal conclusion; therefore, no response is required. If a response is required, Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.**

## COUNT VI
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

68.     Plaintiff incorporates all proceeding paragraphs above as though fully stated herein.

**ANSWER:  Defendant hereby repeats and restates its answers to the foregoing paragraphs of Plaintiff's Complaint as though fully set forth herein.**

69.     At all times relevant to this action, Plaintiff was Defendant's employee within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

**ANSWER:  This paragraph states a legal conclusion; therefore, no response is required. If a response is required, Defendant neither admits nor denies the allegations contained in paragraph 69 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief regarding same.**

70.     Congress designed the FLSA to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees.

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 70 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief regarding same.**

71.    Plaintiff was entitled to be paid the full amount of his tips.

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 71 of Plaintiff's Complaint in the form and manner alleged because it lacks information or knowledge sufficient to form a belief regarding same.**

72.    The FLSA requires that employers pay employees a minimum hourly wage. 29 U.S.C. § 201, *et seq*. Employers of tipped employees may consider tips as part of the tipped employees' wages, but employers must pay a direct reduced minimum wage if they claim a "tip credit." 29 U.S.C. § 203(m).

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 72 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief regarding same.**

73.    Tomukun Noodle Bar was not entitled to claim a tip credit because the restaurant took illegal tip deductions from Plaintiff in the form of credit card transaction fees.

**ANSWER: This paragraph states a legal conclusion; therefore, no response is required. If a response is required, Defendant denies the allegations contained in paragraph 73 of Plaintiff's complaint.**

74.    Tomukun Noodle Bar utilizes an unlawful tip pooling system where more senior servers receive a greater "tip share" than less experienced servers, without fully advising Plaintiff of the nature of the tip sharing policy.

**ANSWER: This paragraph states a legal conclusion; therefore, no response is required. If a response is required, Defendant admits that it utilizes a tip pooling system, but denies that said system is unlawful and that Plaintiff was not fully advised of its tip sharing policy.**

75. Tomukun Noodle Bar habitually deducted a five percent (5%) service charge from each employee gratuity which a customer had charged via a credit card, or similar instrument, in violation of § 203(m)'s command that a tipped employee must be permitted to retain all gratuities received by that employee.

**ANSWER: This paragraph states a legal conclusion; therefore, no response is required. If a response is required, Defendant admits it lawfully deducted a percentage of employee gratuity to offset the credit card service fees. As to the remainder of the allegations contained in paragraph 75 of Plaintiff's Complaint, Defendant denies.**

76. The five percent (5%) service charge that Tomukun Noodle Bar retained from Plaintiff's tips exceeded the actual charge for credit card processing levied by the credit card company to the restaurant.

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 76 of Plaintiff's Complaint because it lacks information or knowledge sufficient to form a belief regarding same.**

77. The five percent (5%) service charge that Tomukun Noodle Bar retained from Plaintiff's tips enriched the company and harmed the Plaintiff.

**ANSWER: Defendant denies the allegations contained in paragraph 77 of Plaintiff's Complaint.**

> 78. Because Tomukun Noodle Bar cannot satisfy its burden of showing the applicability of the tip credit, Tomukun Noodle Bar forfeited its entitlement to a tip credit for any of their work hours, and thus it should have to pay Plaintiff the full minimum wage under Michigan law for all time clocked since the Plaintiff is entitled to the full minimum wage for every hour worked.

**ANSWER: This paragraph states a legal conclusion; therefore, no response is required. If a response is required, Defendant denies the allegations contained in paragraph 78 of Plaintiff's Complaint.**

## GENERAL DENIAL

Except as expressly admitted herein, Defendant expressly denies any allegations in Plaintiff's Complaint which require a responsive pleading.

## AFFIRMATIVE AND OTHER SPECIAL DEFENSES

Defendant asserts the following affirmative and other special defenses to Plaintiff's Complaint that are being made based upon the limited information and knowledge known at this time and in anticipation that the facts and discovery will support them. Defendant intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such further defenses.

1.      Plaintiff's claims are barred and should be dismissed, in whole or in part, because Plaintiff fails to state a claim upon which relief can be granted.

2.      Plaintiff cannot establish sufficient evidence in support of his claims under the Families First Coronavirus Response Act ("FFCRA"),  Emergency Paid Sick Leave Act ("EPLSA"), Family Medical Leave Act ("FMLA"), Fair Labor Standards Act ("FLSA"), Governor Gretchen Whitmer's Executive Order 2020-36, and/or public policy.

3.      Plaintiff's claims are barred and should be dismissed, in whole or in part, because Plaintiff has not suffered any damages or actual losses, and/or Plaintiff's alleged damages are speculative and cannot be recovered.

4.      Plaintiff's claims are barred and should be dismissed, in whole or in part, due to Plaintiff's own actions, inactions, fraud, and/or illegal acts.

5.      Plaintiff's claims are barred and should be dismissed, in whole or in part, by the doctrines of waiver, release, or accord and satisfaction.

6.      Plaintiff's claims in Counts I and II of the Complaint are barred, in whole or in part, because Defendant paid Plaintiff for sick time, Defendant did not terminate Plaintiff or otherwise take any adverse employment action against him, and Defendant did not interfere with Plaintiff's rights under FMLA and/or EPSLA/FFCRA.

7.      Plaintiff's claim in Count III of the Complaint is barred, in whole or in part, because Governor Gretchen Whitmer's Executive Order 2020-36 explicitly

states it does not create a private right of action against an employer.

8.     Plaintiff's claims may be barred by the applicable statutes of limitations and/or the doctrine of laches.

9.     Defendant denies that Plaintiff is entitled to recover damages of any type, including double, exemplary and/or punitive damages.

10.    The proximate cause of Plaintiff's injuries, if any, was not the conduct of the Defendant or attributable to it.

11.    Plaintiff's claims are barred and should be dismissed, in whole or in part, by legal and equitable estoppel.

12.    Plaintiff's claims are barred and should be dismissed, in whole or in part, by the doctrine of unclean hands.

13.    Plaintiff, although not terminated, was an at-will employee, and could be terminated for any reason or no reason, with or without notice.

14.    Defendant did, at all times, conform its conduct to the statutes and common laws of the United States Federal Government and State of Michigan and did not engage in the wrongful conduct alleged in Plaintiff's Complaint.

15.    Defendant reserves the right to move for a more definite statement.

16.    There are no genuine issues of material fact to support any of the allegations raised in Plaintiff's Complaint and therefore, his entire Complaint must be dismissed as a matter of law.

17.     Defendant objects to any cause of action which Plaintiff could have pled against it which was not alleged in Plaintiff's Complaint.

18.     Plaintiff's own conduct is the sole and proximate cause of any and all alleged injuries and damages suffered by him.

19.     Any actions taken by Defendant with regard to Plaintiff were made in good faith and were based on lawful, legitimate, non-retaliatory, and non-discriminatory business reasons. And, there is no pleading of pretext or evidence of pretext to counter Defendant's lawful, legitimate, non-retaliatory, and non-discriminatory business reasons.

20.     Defendant's business decision, if any, was not discriminatory even if made unwisely, in error, or was a misjudgment.

21.     Plaintiff cannot establish that the Defendant's decision, if any, was casually connected to the protected activity.

22.     Plaintiff's claim for back pay is barred in total, or at least in part, because back pay is limited by the amount of interim earnings received during the back pay period.

23.     Plaintiff's claim is barred in total, or at least in part, because of Plaintiff's failure to mitigate his damages.

24.     Defendant employer had/has an anti-discrimination policy in place.

25.     Plaintiff was paid fairly for the work he conducted, and Defendant did not violate the Fair Labor Standards Act.

26.     At all times concerning this litigation, Defendant acted in a manner which was proper, reasonable, lawful, and in exercise of good faith. To the extent Defendant is found to have violated the FMLA, FFCRA, EPLSA, FLSA, or Governor Gretchen Whitmer's Executive Order 2020-36, which Defendant denies, any such violation was not willful.

27.     Plaintiff's claims are barred, in whole or in part, to the extent that he failed to satisfy jurisdictional prerequisites, and other conditions precedent, to bringing suit.

28.     If Plaintiff is found to have engaged in terminable misconduct in his acquisition of and/or during his employment with Defendant, the after-acquired evidence doctrine bars Plaintiff from recovering any front pay damages or obtaining reinstatement of his employment with Defendant and any back pay damages are limited to the period between Plaintiff's alleged unlawful conduct and Defendant's discovery of Plaintiff's misconduct.

29.     Defendant reserves the right to amend and supplement or withdraw these affirmative and other special defenses as additional facts become known to it during discovery and as may be established in the course of litigation.

## RELIEF REQUESTED

WHEREFORE, Defendant requests that this Court deny Plaintiff the relief requested and dismiss the Complaint in its entirety with prejudice and award Defendant its costs and attorneys' fees in defending this action, plus any other relief, legal or equitable, this Court deems appropriate.

## RELIANCE UPON JURY DEMAND

Defendant hereby relies on and demands for itself a trial by jury on each and every count of Plaintiff's Complaint so triable in law or in equity.

Respectfully submitted,

THE HANOVER LAW GROUP

*/s/ Tiffany N. Kennedy*
Tiffany N. Kennedy (P83019)
Attorney for Defendant
25800 Northwestern Highway, Suite 400
Southfield, MI 48075
(248) 233-5586 / (508) 926-4550 (fax)
Dated: September 2, 2020          tkennedy@hanover.com

## CERTIFICATE OF SERVICE

On this day, September 18, 2020, the undersigned did cause to be filed the foregoing document with the Court using the CM/ECF system, which will send notice of its filing to all counsel of record.

*/s/ Nancy Glorio*
Nancy Glorio

30